THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

KWM

Mailed: December 21, 2017

Opposition No. 91228478

*Shared, LLC*

*v.*

*SharedSpaceofAtlanta, LLC*

**Before Cataldo, Mermelstein, and Hightower,**
**Administrative Trademark Judges.**

**By the Board:**

On August 19, 2017, Opposer/Counterclaim Respondent ("Opposer") filed a motion for judgment on the pleadings with respect to the counterclaims of Applicant/Counterclaim Petitioner ("Applicant"). 11 TTABVUE. The motion is fully briefed.

A motion for judgment on the pleadings, as with a motion for summary judgment, is a pretrial device intended to save the time and expense of a full trial when a party is able to demonstrate, prior to trial, that there is no genuine dispute of material fact to be resolved, and the moving party is entitled to judgment on the substantive merits of the controversy as a matter of law. *See Media Online Inc. v. El Clasificado Inc.*, 88 USPQ2d 1285, 1288 (TTAB 2008); *see also* 5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1369 (3d ed. 2017).

A motion for judgment on the pleadings should be filed "[a]fter the pleadings are closed, but within such time as not to delay the trial." TBMP § 504.01 (June 2017); *see also* Fed. R. Civ. P. 12(c) (party may move for judgment on the pleadings "early enough not to delay trial"). The Board's established practice has been to apply to motions for judgment on the pleadings the same deadline applicable to motions for summary judgment set forth in Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1). *See, e.g.,* TBMP § 504 (1st ed. 1995) (a motion for judgment on the pleadings "must be filed after the pleadings are closed, but prior to the opening of the first testimony period, as originally set or as reset," inasmuch as the trial period commences with the opening of the first testimony period) (citing Fed. R. Civ. P. 12(c); and prior rules Trademark Rule 2.116(e), 37 C.F.R. § 2.116(e); Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1)).

Before January 14, 2017, the deadline for filing a motion for summary judgment, as set forth in Trademark Rule 2.127(e)(1), was "prior to the commencement of the first testimony period, as originally set or as reset." *See Blansett Pharmacal Co. v. Camrick Labs. Inc.*, 25 USPQ2d 1473 (TTAB 1992); *Von Schorlemer v. Baron Herm. Schorlemer Weinkellerei GmbH*, 5 USPQ2d 1376 (TTAB 1986); *La Maur, Inc. v. Bagwells Enters., Inc.*, 193 USPQ 234 (Comm'r 1976); TBMP § 504.01 (2016). Trademark Rule 2.127(e)(1) was amended, effective January 14, 2017, and clarified on July 21, 2017, to provide that a motion for summary judgment "must be filed before the day of the deadline for pretrial disclosures for the first testimony period, as originally set or as reset." *See* Miscellaneous Changes to Trademark Trial and Appeal

Board Rules, 81 Fed. Reg. 69,950, 69,967 (October 7, 2016) (Notice of Final Rulemaking) and 82 Fed. Reg. 33,804 (July 21, 2017) (Notice of Final Rulemaking Clarification); Trademark Rule 2.127(e)(1); TBMP § 528.02 (June 2017). In keeping with Board practice, a motion for judgment on the pleadings must also be filed before the day of the deadline for pretrial disclosures for the first testimony period, as originally set or as reset.

Here, the deadline for Opposer's pretrial disclosures, as reset in the Board's July 26, 2017 order, was August 7, 2017. Opposer's motion filed August 19, 2017 is untimely and is therefore **denied**.

Proceedings are **resumed**. The Board, in its discretion, allows Opposer until **January 3, 2018** in which to serve its pretrial disclosures, if it has not already done so.[1] Remaining trial dates are reset as follows:

| | |
|---|---|
| Plaintiff's Pretrial Disclosures Due | **January 3, 2018** |
| Plaintiff's 30-day Trial Period Ends | **February 17, 2018** |
| Defendant's Pretrial Disclosures Due | **March 4, 2018** |
| Defendant's 30-day Trial Period Ends | **April 18, 2018** |
| Plaintiff's Rebuttal Disclosures Due | **May 3, 2018** |
| Plaintiff's 15-day Rebuttal Period Ends | **June 2, 2018** |
| **BRIEFS SHALL BE DUE AS FOLLOWS:** | |
| Plaintiff's Main Brief Due | **August 1, 2018** |
| Defendant's Main Brief Due | **August 31, 2018** |
| Plaintiff's Reply Brief Due | **September 15, 2018** |

---

[1] Because the August 7, 2017 deadline for pretrial disclosures, as previously reset by Board order dated July 26, 2017, has already passed, the parties are precluded from filing any further motions for summary judgment, motions for judgment on the pleadings, or motions to compel in this proceeding even though the Board, by this order, has provided Opposer until January 3, 2018 to serve its pretrial disclosures on Applicant, in the event it has not already done so.

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§ 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).